## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANDRE PETERSON, et al., | * |
| Plaintiffs, | * |
| v. | Civil Action No. RDB-16-596 |
| UNIVERSAL MEDICAL EQUIPMENT & RESOURCES, INC., et al., | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

Named plaintiffs Andre Peterson, John Grant, and Michelle Jones (collectively, "plaintiffs"), on behalf of themselves and others similarly situated, have filed a Complaint against defendants Universal Medical Equipment & Resources, Inc. ("UMER") and Eyibio Adah, UMER's owner, (collectively, "defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501, *et seq.* Specifically, plaintiffs allege that defendants failed to pay plaintiffs minimum wages and overtime compensation in violation of federal and state law.[1] (Counts I and II, ECF No. 1 at ¶¶ 68-74.) Defendants have filed an Answer to the Complaint (ECF No. 13), and the parties have undertaken discovery.

---

[1] Plaintiffs also seek to recover damages under the MWHL and through the quasi-contractual theory of unjust enrichment. (Counts III and IV, ECF No. 1 at ¶¶ 75-86.)

Currently pending before this Court is Plaintiffs' Motion for Conditional Certification of a Collective Action under 29 U.S.C. § 216(b) of the FLSA ("Plaintiffs' Motion") (ECF No. 26). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Plaintiffs' Motion for Conditional Certification (ECF No. 26) is GRANTED IN PART and DENIED IN PART. Specifically, it is GRANTED as to the conditional certification of a class consisting of "[a]ll current and former medical transport drivers who worked for Universal Medical Equipment & Resources, Inc. ("Universal") or Eyibio Adah ("Adah") from October 11, 2013 to the present." *See* ECF No. 32-2 at 1. The Motion is further GRANTED IN PART and DENIED IN PART as to the contents and manner of the proposed Notice. The parties shall be directed to confer and submit a joint proposed notice consistent with the determinations set forth below.

## BACKGROUND

Plaintiffs are Maryland residents who were employed by defendants UMER and Adah for varying terms between March 2013 and June 2015. (ECF No. 1 at ¶¶ 6-8.) Plaintiffs were employed by defendants for approximately three months (Peterson), approximately eight months (Grant), and approximately nine months (Jones). (*Id.*) Plaintiffs worked as medical transport drivers who transported customers to and from medical appointments throughout Maryland. (*Id.* at ¶ 16.) In conjunction with their Motion, plaintiffs filed a series of Declarations in which they state that they: were paid the same daily rate regardless of hours worked (ECF No. 26-2 at ¶ 4); used vehicles owned by defendants (*Id.* at ¶ 5); worked roughly the same number of hours per day (approximately 4:30 a.m. to 6:00 p.m.) (*Id.*); and

were directed by their supervisor Mr. Adah which routes they would complete (*Id.* at ¶ 6). *See also* ECF No. 26-3 at ¶¶ 4-6, ECF No. 26-4 at ¶¶ 4-7.  The Complaint alleges that defendants failed to pay their employees the legal minimum wage and failed to pay their employees overtime wages to which they were entitled.  (ECF No. 26 at ¶¶ 68-74.)

<u>STANDARD OF REVIEW</u>

Under the FLSA, a plaintiff may bring an action on behalf of himself and other employees so long as the other employees are "similarly situated" to the plaintiff.  29 U.S.C. § 216(b); *see also Quinteros v. Sparkle Cleaning, Inc.,* 532 F. Supp. 2d 762, 771 (D. Md. 2008).  As this Court has previously noted, Section 216 "establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros,* 532 F. Supp. 2d at 771 (citing *Camper v. Home Quality Mgmt., Inc.,* 200 F.R.D. 516, 519 (D. Md. 2000)).  Section 216(b) provides, in relevant part, that:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Furthermore, this Court has employed a two-step inquiry when deciding whether to certify a collective action under the FLSA.  *Syrja v. Westat, Inc.,* 756 F. Supp. 2d 682, 686 (D. Md. 2010); *Banks v. Wet Dog Inc.*, No. CIV.A. RDB-13-2294, 2015 WL 433631, at *1 (D. Md. Feb. 2, 2015).  First, upon a minimal evidentiary showing that a plaintiff can meet the substantive requirements of 29 U.S.C. § 216(b), the plaintiff may proceed with a collective

action on a provisional basis. Second, following discovery, the court engages in a more stringent inquiry to determine whether the plaintiff class is "similarly situated" in accordance with the requirements of § 216. *Rawls v. Augustine Home Health Care, Inc.,* 244 F.R.D. 298, 300 (D. Md. 2007) (internal citations omitted). The Court then renders a final decision regarding the propriety of proceeding as a collective action. *Id.* The second, more "stringent" phase of collective action certification under the FLSA is often prompted by a defendant's filing of a motion to decertify, and thus is referred to as the "decertification stage." *Syrja,* 756 F. Supp. 2d at 686.

Whether to grant conditional certification is a matter of the court's discretion. *Syrja,* 756 F. Supp. 2d at 686 (stating that "[d]eterminations of the appropriateness of conditional collective action certification . . . are left to the court's discretion[]"); *see also Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989). As the Court has explained, the "paramount issue in determining the appropriateness of a conditional class certification is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Williams v. Long,* 585 F. Supp. 2d 679, 684 (D. Md. 2008).

Plaintiffs bear the burden of showing that their claims are "similarly situated," but courts have ruled that "similarly situated" need not mean "identical." *See, e.g., Hipp v. Liberty Nat. Life Ins. Co.,* 252 F.3d 1208, 1217 (11th Cir. 2001). This Court has held that a group of FLSA plaintiffs is similarly situated if they can show they were victims of a common policy, scheme, or plan that violated the law. *Mancia v. Mayflower Textile Servs. Co.,* CIV.A. No. CCB–08–273, 2008 WL 4735344, at *3 (D. Md. Oct. 14, 2008).

Plaintiffs' allegations thus "must consist of more than 'vague allegations' with 'meager factual support,' but [they] need not enable the court to reach a conclusive determination whether a class of similarly situated plaintiffs exists."  *Id.* at *2 (quoting *D'Anna v. M/A–COM, Inc.,* 903 F. Supp. 889, 893 (D. Md. 1995).  Moreover, "[w]hen sufficient evidence in the record at the initial 'notice' stage makes it clear that notice is not appropriate, . . . a court can . . . deny certification outright." *Syrja,* 756 F. Supp. 2d at 686 (quoting *Purdham v. Fairfax Cnty. Pub. Sch.,* 629 F. Supp. 2d 544, 547 (E.D.Va. 2009)).  Plaintiffs may rely on "affidavits or other means" to make the required showing. *Williams,* 585 F. Supp. 2d at 683; *see also Bouthner v. Cleveland Const., Inc.*, CIV.A. No. RDB-11-0244, 2012 WL 738578, at *4 (D. Md. Mar. 5, 2012); *Ruiz v. Monterey of Lusby, Inc.*, CIV.A. No. DKC 13-3792, 2014 WL 1793786, at *1–2 (D. Md. May 5, 2014).

## ANALYSIS

### A.  Conditional Certification

Plaintiffs request that this Court conditionally certify a collective action with a class consisting of "[a]ll current and former medical transport drivers who worked for Universal Medical Equipment & Resources, Inc. ("Universal") or Eyibio Adah ("Adah") from October 11, 2013 to the present."  (ECF No. 32-2 at 1.)  While plaintiffs initially requested a broader definition of the class, plaintiffs indicate in their reply brief that the limitations proposed by defendants to "medical transport drivers," employed by defendants from October 11, 2013, is appropriate.  (ECF No. 32 at 6.)

Defendants, as a matter of economy and "[i]n light of the 'modest' amount of proof required by Plaintiffs at [the conditional certification] stage," do not oppose Plaintiffs'

5

Motion for conditional certification, but do seek to limit and/or modify the contents and manner of plaintiffs' proposed Notice. (ECF No. 29 at 4.)

While the Court might grant Plaintiffs' Motion outright on the basis that defendants do not oppose the relief sought, it is worth noting that conditional certification would nonetheless be warranted here in light of the fact that plaintiffs worked "for the same employer, at the same worksite, under the same supervisors, with the same job responsibilities," and were paid the same daily rate, $80.00 per day. (ECF No. 26 at 8-9.) Thus, plaintiffs are similarly situated so as to warrant conditional certification under 29 U.S.C. § 216(b). *See Quinteros*, 532 F. Supp. 2d at 771. Accordingly, Plaintiffs' Motion for Conditional Certification (ECF No. 26) is GRANTED IN PART.

It bears note that several aspects of plaintiffs' employment with defendants distinguish the instant case from *Brown v. Rapid Response Delivery, Inc.*, RDB-16-1203, 2017 WL 55858 (D. Md. Jan. 4, 2017), a recent opinion in which this Court denied the motion for conditional certification filed by a proposed class of delivery drivers. In *Brown*, the proposed class of drivers "were never compensated based on the *time spent* working, but only for the *distances traveled* to make their deliveries." *Id.* at *3. In addition, the drivers in *Brown* exercised discretion/control over the assignments they accepted and the manner and time in which they would complete their assignments. *Id.* at *3. Finally, the absence of any records reflecting drivers' actual work hours and the need for "individualized determinations for each class member, coupled with the need for 'speculative reconstruction' of each plaintiff's work hours," made conditional certification inappropriate. *Id.* at *4.

In this case, by contrast, plaintiffs were paid the same daily rate regardless of hours worked (ECF No. 26-2 at ¶ 4); used vehicles owned by defendants (*Id.* at ¶ 5); worked roughly the same number of hours per day (approximately 4:30 a.m. to 6:00 p.m.) (*Id.*); and were directed by their supervisor which routes they would complete (*Id.* at ¶ 6). *See also* ECF No. 26-3 at ¶¶ 4-6, ECF No. 26-4 at ¶¶ 4-7. While some individualized determinations may be required to determine the extent of plaintiffs' damages should liability be established,[2] the nature and extent of these calculations pale in comparison to those present in *Brown*, where the drivers were paid based on mileage driven and not on hours worked. *Brown*, 2016 WL 55858 at *3 (citing *Archer v. Freedmont Mortg. Corp.*, No. CIV.A. GLR-12-1099, 2013 WL 93320, at *3 (D. Md. Jan. 7, 2013)).

## B.  Notice Form

Pursuant to the FLSA, a Notice of Collective Action "must provide accurate and timely notice to potential plaintiffs so they may make informed decisions about whether to join a collective action." *Arnold v. Acappella, LLC*, BPG-15-3001, 2016 WL 5454541, at *4 (D. Md. Sept. 29, 2016).  However, "[t]he district court has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Id.* (citing *Mcfeeley v. Jackson St. Entm't, LLC*, DKC 12-1019, 2012 WL 5928902, at *5 (D. Md. Nov. 26, 2012).  *See generally Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171, 110 S. Ct. 482, 487, 107 L. Ed. 2d 480 (1989).

---

[2] While defendants do not oppose conditional certification, they do not concede liability in this case.  Among other possible defenses, defendants assert in their Opposition that the FLSA's exemption for drivers providing taxi services may be applicable.  (ECF No. 29 at 1.)

While the parties in this case have made efforts to reconcile several of their disagreements as to the contents and manner of the proposed Notice of Collective Action form,[3] several issues regarding the proposed Notice remain unresolved.   The Court's determinations on these issues are addressed in turn below.

### 1.   Statement that Notice is Approved by Court

The Notice shall state: "A court authorized this notice.  This is not a solicitation from a lawyer."  Defendants' proposed additions to this portion of the Notice are denied.

### 2.   Statement of Defendants' Defenses

The Notice shall state: "Defendants deny the allegations and claim that they are not liable for unpaid wages, damages, fees, or costs in this lawsuit."  Defendants' proposed additions regarding their specific defenses and/or counterclaims are denied.

### 3.   Statement regarding Choice of Counsel

The Notice shall state that: "You may also retain your own counsel, as described below," as set forth in plaintiff's proposed amended Notice.  (ECF No. 32-2 at 2.)

### 4.   Statement of Address of Defense Counsel

The Notice shall contain the name and address of defense counsel, as set forth in plaintiffs' proposed amended Notice (ECF No. 32-2).

### 5.   Statement of Contingency Fee Arrangement

The Notice shall state: "If the case is successful, class counsel will seek to recover their costs and attorney's fees either from defendants or from any settlement or recovery

---

[3] *See* ECF No. 32 at 6.  Notably, plaintiffs agree to limit the definition of the class and to forego their request for a Court Order requiring production of contact information for putative plaintiffs.  *Id.*

approved by the Court." The percentage of the contingency fee arrangement shall not be included.

### 6.  Posting of the Notice

In light of the nature of putative plaintiffs' work and the cessation of defendants' medical transport activities, the notice is not required to be posted.  *See* Adah Decl., ECF No. 29-1 at ¶ 7.  Plaintiffs' counsel may contact putative plaintiffs using the contact information already provided by defense counsel.

### 7.  Issuance of Reminder Notice

Plaintiffs are not authorized to issue a reminder Notice.

### 8.  Applicable Statute of Limitations

The three year statute of limitations in this case runs from October 11, 2013.  This date is uncontested.  *See* ECF No. 32-2.  Accordingly, only drivers who were employed by defendants on or after this date may opt into the class.

**The parties shall confer and submit a joint proposed notice consistent with these determinations within fourteen (14) days of this Memorandum Opinion and Order.**

CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Conditional Certification (ECF No. 26) is GRANTED IN PART and DENIED IN PART.  Specifically, it is GRANTED as to the conditional certification of a class consisting of "[a]ll current and former medical

transport drivers who worked for Universal Medical Equipment & Resources, Inc. ("Universal") or Eyibio Adah ("Adah") from October 11, 2013 to the present." *See* ECF No. 32-2 at 1. The Motion is further GRANTED IN PART and DENIED IN PART as to the contents and manner of the proposed Notice. The parties shall be directed to confer and submit a joint proposed notice consistent with the determinations set forth herein.

A separate Order follows.


Dated:  February 21, 2017                     _____/s/_____
                                              Richard D. Bennett
                                              United States District Judge